UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:06-CR-36-02-F
No. 4:10-CV-127-F

| | | |
|---|---|---|
| SYLVESTER JONES, | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| Respondent. | ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-197] Sylvester Jones's ("Jones") "Motion to Vacate, Set Aside or Correct Sentence" pursuant to 28 U.S.C. § 2255 [DE-191]. The § 2255 motion is deemed to have been filed on September 4, 2010.[1] That first document was returned to Jones because it was not signed. Jones's signed § 2255 form was postmarked October 4, 2010. *See* [DE-191], Attachment 4. The Government filed its Motion to Dismiss [DE-197] on November 24, 2010, and Jones's Response [DE-201] is deemed to have been filed before December 21, 2010.[2]

## Factual & Procedural History

Jones was charged in a Third Superseding Indictment [DE-93] on February 28, 2007, with (Count Six) aiding and abetting another in attempting to kill a person by discharging a

---

[1] The envelope containing Jones's initial, but non-conforming, § 2555 motion [DE-20] was delivered to prison officials for mailing on September 4, 2010. *See* Rule 3(d), RULES GOVERNING § 2255 PROCEEDINGS; *Houston v. Lack*, 487 U.S. 266 (1988) (inmates' documents are deemed "filed" at the moment they are delivered, properly addressed and bearing appropriate postage, to prison officials for mailing.

[2] The postmark is illegible but the document was docketed by the Clerk's Office on December 21, 2010.

firearm with the intent to prevent a witness from attending and testifying in an official proceeding; (Count Seven) aiding and abetting another in attempting to kill a person by discharging a firearm with the intent to prevent the communication by that person to a judge of the United States information relating to the commission of federal offenses; (Count Eight) aiding and abetting another in the knowing use of physical force against a person with the intent to prevent the testimony of that person in an official proceeding; and (Count Nine) aiding and abetting another, during and in relation to crimes of violence for which defendants could be prosecuted in a United States court, with using and carrying a firearm and possessing a firearm in furtherance of said crimes of violence. During the Government's presentation of evidence at trial, Jones entered into a plea agreement with the Government and pled guilty to Count Nine.

On June 10, 2008, Jones was sentenced on Count Nine to a term of 300 months imprisonment, which represented an upward departure from the advisory sentencing guideline range, followed by a five-year term of supervised release. In calculating Jones's appropriate sentence following a full hearing on Jones's objections, the undersigned adopted the proposed findings of the Presentence Report. The 300-month sentence represents an upward departure from the advisory guideline sentence, pursuant to the Government's motion under USSG §§ 5K2.2 (physical injury), 5K2.5 (property damage or loss), 5K2.9 (criminal purpose), and 5K2.21 (dismissed and uncharged conduct). Jones was not ordered to pay any fine, but was assessed the sum of $100.00. Jones's Judgment was amended by order of November 19, 2008, imposing restitution in the sum of $6,066.11 to six named victims, for which Jones is jointly and severally liable with co-defendant Rodney Devon Pettaway. Counts Six, Seven and Eight of the Second and Third Superseding Indictments were dismissed against Jones pursuant to the plea agreement.

Jones's agreement with the Government was memorialized in a Memorandum of Plea Agreement [DE-152], which included, *inter alia*, the following provisions:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement [DE-152] at p. 2.

> The defendant hereby consents to having the existence and applicability of any such convictions decided by the sentencing Judge based on a preponderance of the evidence. The defendant reserves the right to contest at sentencing the existence of any such prior conviction and whether such conviction qualifies to increase the statutory minimum and maximum sentence, but consents to the resolution of any such objection by the sentencing judge using a preponderance-of-the-evidence standard.

*Id.* at p. 5.

> The Court will take into account, but is not bound by, the applicable United States Sentencing Guidelines, that the sentence has not yet been determined by the Court, that any estimate of the sentence received from any source is not a promise, and that even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw the plea of guilty.

*Id.* at pp. 6-7.

Notwithstanding the appeal waiver in his plea agreement, Jones pursued a direct appeal through appointed counsel,[3] who filed an *Anders*[4] brief. Jones filed a supplemental *pro se* brief alleging error in applying an upward departure at sentencing and advancing "conclusory arguments regarding his conviction." *United States v. Jones*, 343 Fed. Appx. 946, 947 (4th Cir.

---

[3] As with trial counsel, Jones went through several appointed attorneys on appeal.

[4] *Anders v. California*, 386 U.S. 738 (1967).

3

Sept. 11, 2009). *See* [DE-188]. The appellate court examined the district court record and found that Jones's plea was knowing and voluntary, that the court properly calculated Jones's advisory sentencing range, and that the sentence imposed was reasonable and adequately explained. *Id.* at 948. It does not appear that Jones pursued a petition for writ of certiorari in the United States Supreme Court.

Jones's § 2255 motion was timely filed within the one-year statute of limitations. He states as grounds for relief that his trial and appellate counsel rendered ineffective assistance resulting in an unreasonable sentence in that (i) the court considered dismissed and uncharged conduct, (ii) the court considered factors in departing upwardly that were unrelated to the offense of conviction, and (iii) the charges against him were added to an indictment originally naming only his co-defendant.[5]

In order to establish ineffective assistance of counsel, Jones must show: (1) that counsel's representation fell below "an objective standard of reasonableness, *and* (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,*466 U.S. 668, 687-91 (1984). The presumption applies that an attorney's conduct was within the wide range of professional

---

[5] In the latter respect, Jones contends his case is "exactly related to *United States v. Meaves*, 288 Fed. Appx. 842; 2008 U.S. Appx. LEXIS 17534." *See* [DE-191], Memorandum, at ¶ 11. After some searching, the court located *United States v. Mears*, 288 Fed. Appx. 892, 2008 U.S. App. LEXIS 17534 (4th Cir. 2008), which the court feels certain is the case Jones meant to cite.

*Mears*, however, is inapposite. In *Mears*, calculation of the sentence involved an impermissible double-counting by the district court. There, the court had used the same 5K2.21 factor to calculate the advisory guideline range and *again* in to impose an upward departure from that guideline range. The Fourth Circuit explained, "[u]nless expressly prohibited by the Guidelines, double counting is permitted. . . . Such is the case in § 5K2.21, which recognizes that a court may 'depart upward to reflect the actual seriousness of the offense based on conduct . . . underlying a charge dismissed as part of a plea agreement,' but requires that the conduct at issue may not have 'enter[ed] into the determination of the applicable guideline range.' USSG § 5K2.21." *Meares*, 288 Fed. Appx. at 894.

4

conduct. *See id.* at 689. Further, as to the second prong, Petitioner bears the burden of proving prejudice, and if he fails to do so, "a reviewing court need not consider the performance prong." *Id.* at 697.

Here, the record reflects that Jones's sentence did not involve double-counting. The mandatory *minimum* sentence available for the offense to which the Government offered a plea agreement is 120 months. The Government moved for an upward departure from that mandatory minimum sentence on grounds available under USSG § 5K. Jones's lawyer vigorously argued at sentencing that the Government effectively was taking a second bite at the apple, offering the plea agreement realizing after calling nine witnesses at trial that it could not prove the assault charges against Jones, but seeking a comparable sentence through an upward departure.

The Government correctly cites *United States v. Seabrooks*, 264 Fed. Appx. 267 (4th Cir. Feb. 12, 2008), for the position that a departure from 120 months to 360 months has been found appropriate on a § 924(c) conviction. Indeed, the maximum penalty for a § 924(c) conviction is life imprisonment, and Jones was so advised before the court accepted his guilty plea.

Here, the Government sought 255 months. After explaining its reasons for doing so, the undersigned sentenced Jones to 300 months, representing an upward departure from the mandatory *minimum* statutory sentence. The aggravating factors were *not* used in the correct calculation of the advisory guideline range, which *is* the 120-month statutory mandatory minimum for § 924(c) convictions. The aggravating factors were applied to that minimum statutory sentence to reach the sentence, found on direct appeal to be reasonable and supported by the record, of 300 months.

5

The court can ascertain no legal or factual basis for Jones's complaint that his charges were added to Pettaway's in superseding indictments. On Pettaway's motion, the trials were severed, and Jones's trial proceeded first. *See* [DE-132]. Pettaway entered a guilty plea on January 7, 2008. *See* [DE-137].

Finally, Jones argues in his response opposing the Government's motion to dismiss that the enhancement of his sentence violated his constitutional due process rights, absent findings of fact beyond a reasonable doubt by a jury, citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Jones's argument is misplaced, as he was sentenced *within* the statutory range for the offense to which he pleaded guilty (not less than ten years nor more than life imprisonment), *see United States v. O'Brien*, ___ U.S. ___, 130 S. Ct. 2169, 2171 (2010) (noting that *Apprendi* established that a fact that " 'increases the prescribed range of penalties' " to which a defendant is exposed must be charged, submitted to a jury and proved beyond a reasonable doubt) (citation omitted). By the time Jones was sentenced, the Supreme Court had decided *United States v. Booker*, 543 U.S. 220 (2005), such that the court's findings of fact in Jones's case affected a guideline sentencing range that *was advisory only*, and had no effect on the statutory range of penalties available by virtue of Jones's guilty plea.

The record in this case, together with the opinion of the Fourth Circuit on direct appeal, demonstrates that Jones's sentence properly was calculated by considering uncharged and dismissed conduct but not utilizing double-counting in departing upwardly. His attorneys could not have been ineffective, therefore, as there appears no reasonable probability that the outcome of Jones's sentencing hearing would have been different had his attorneys advanced alternate theories.

The court has considered all of Jones's claims contained in his § 2255 motion and his arguments raised in objection to the Government's motion, and concludes that the Government

6

Case 4:06-cr-00036-F Document 203 Filed 02/10/11 Page 6 of 7

The court can ascertain no legal or factual basis for Jones's complaint that his charges were added to Pettaway's in superseding indictments. On Pettaway's motion, the trials were severed, and Jones's trial proceeded first. *See* [DE-132]. Pettaway entered a guilty plea on January 7, 2008. *See* [DE-137].

Finally, Jones argues in his response opposing the Government's motion to dismiss that the enhancement of his sentence violated his constitutional due process rights, absent findings of fact beyond a reasonable doubt by a jury, citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Jones's argument is misplaced, as he was sentenced *within* the statutory range for the offense to which he pleaded guilty (not less than ten years nor more than life imprisonment), *see United States v. O'Brien*, ___ U.S. ___, 130 S. Ct. 2169, 2171 (2010) (noting that *Apprendi* established that a fact that " 'increases the prescribed range of penalties' " to which a defendant is exposed must be charged, submitted to a jury and proved beyond a reasonable doubt) (citation omitted). By the time Jones was sentenced, the Supreme Court had decided *United States v. Booker*, 543 U.S. 220 (2005), such that the court's findings of fact in Jones's case affected a guideline sentencing range that *was advisory only*, and had no effect on the statutory range of penalties available by virtue of Jones's guilty plea.

The record in this case, together with the opinion of the Fourth Circuit on direct appeal, demonstrates that Jones's sentence properly was calculated by considering uncharged and dismissed conduct but not utilizing double-counting in departing upwardly. His attorneys could not have been ineffective, therefore, as there appears no reasonable probability that the outcome of Jones's sentencing hearing would have been different had his attorneys advanced alternate theories.

The court has considered all of Jones's claims contained in his § 2255 motion and his arguments raised in objection to the Government's motion, and concludes that the Government

6

Case 4:06-cr-00036-F Document 203 Filed 02/10/11 Page 6 of 7

is correct that Jones's motion fails to state a claim upon which relief may be granted under § 2255. Accordingly, it is ORDERED that the Government's Motion to Dismiss [DE-197] is ALLOWED and Jones's § 2255 motion hereby is DISMISSED.

Furthermore, after reviewing the claims presented in the instant motion in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of Jones's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED. Rule 11 (a), RULES GOVERNING § 2255 PROCEEDINGS.

SO ORDERED.

This, the 10th day of February, 2011.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge